UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FREDERICK C. ELLIS                                                                          PLAINTIFF

VERSUS                                                     CIVIL ACTION NO. 1:09CV179-LG-RHW

DWAIN BREWER                                                                              DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Frederick C. Ellis' [22] Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Ellis was tried before a jury and found guilty of sexual battery and statutory rape. He received a sentence of 20 years on each count, to be served day for day and to run concurrently. Ellis' attorney filed a motion for new trial which the trial court denied. Ellis then filed an appeal to the Mississippi Court of Appeals. *See Ellis v. State of Mississippi*, 989 So.2d 958 (Miss. Ct. App. 2008). Ellis' appellate counsel filed a brief indicating that he could not identify any arguable issues to raise on appeal. Ellis also submitted a *pro se* brief for the court's consideration. The Mississippi Court of Appeals affirmed the conviction and sentence. *See id.* The Mississippi Supreme Court denied Ellis petition for writ of *certiorari*.

On February 19, 2009, Ellis filed a § 2254 petition. In [11] response to the Court's directive, Ellis expanded on the original petition in a pleading dated August 27, 2009. Respondent filed a [17] Motion to Dismiss the petition because it was a mixed petition. Three of the asserted claims had not been exhausted in state court proceedings. Ellis did not file a response in opposition to the motion to dismiss. On June 18, 2010, the Court entered an [18] Order and Advisory in which it concluded that Ellis' petition was indeed a mixed petition, but granted Ellis 14 days to amend his petition to include only exhausted claims. Rather than amend

his petition, Ellis filed a [20] Motion for Explanation, seeking to convince the Court that the three unexhausted claims had in fact been exhausted.  The Court construed Ellis' motion as a motion for reconsideration and denied the motion.  The Court gave Ellis an additional 14 days to amend his petition.

On August 9, 2010, Ellis filed a [22] Motion to Amend Petition.  He also filed a [23] Motion for Certificate of Appealability on August 26, 2010.  The Court granted the motion to amend and deemed Respondent's motion to dismiss to be moot.  The Court deferred ruling on the motion for COA.  On November 12, 2010, Respondent filed an answer to the § 2254 petition.  The case then remained in a holding pattern until June 13, 2011, due to Ellis' unsuccessful effort to file an interlocutory appeal with the United States Court of Appeals, Fifth Circuit.

Ellis' amended petition is now ripe.  It is limited to the ten claims that have been exhausted in state court proceedings.  Ellis asserts the following claims: (1) the trial court allowed inadmissible testimony from an expert witness who was not on the prosecution's initial witness list; (2) Ellis was denied the right to challenge expert witness testimony; (3) Ellis' due process rights were violated; (4) the trial court abused its discretion with regard to Ellis' request for substitute counsel and for more time to prepare; (5) the prosecution withheld evidence; (6) violation of Ellis' Fourth Amendment rights; (7) the State failed to provide funds for Ellis to contest the results of DNA evidence used against him at trial; (8) Ellis did not give blood samples voluntarily; (9) Ellis did not have access to all trial records and transcripts to prepare an appeal; and (10) the jury voir dire did not constitute a fair cross section of the community.  Respondent asserts that all of Ellis' claims are either procedurally barred or should be denied on the merits.  Ellis has not filed any type of rebuttal or response to the Respondent's answer to his

petition.

**<u>Claim Nos. 1, 3, 6, 8, & 10: Procedural Bar</u>**

Ellis raised claims 1, 3, 6, 8 & 10 on direct appeal. The Mississippi Court of Appeals held that they were procedurally barred because Ellis failed to make a contemporaneous objection to preserve the issues for appellate review. *See Ellis*, 989 So.2d at 963-68. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). State procedural bars are independent and adequate when the state has "strictly or regularly applied [them]." *See Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The Fifth Circuit has held that Mississippi courts regularly and consistently apply the bar imposed for failure to raise an objection or argument at trial. *See Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1982).

The rule regarding state procedural bars is subject to some narrow exceptions. Federal courts will not consider claims on habeas review that were denied by a state court due to an "independent and adequate" state procedural rule unless a petitioner demonstrates cause and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Additionally, habeas review is available absent proof of cause and actual prejudice when a petitioner proves his innocence of the crime of conviction and thereby shows that a "fundamental miscarriage of justice" occurred. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Ellis has not identified any cause for his failure to raise these claims. Because Ellis has failed to establish cause, the undersigned will forgo any discussion of whether Ellis suffered

actual prejudice. The undersigned further finds that Ellis has failed to demonstrate a fundamental miscarriage of justice. The exception for a fundamental miscarriage of justice applies where the petitioner shows, as a factual matter, that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). To establish that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Ellis cannot meet this standard because he does not present any new, reliable evidence to support a claim of actual innocence. To the contrary, evidence and testimony at trial regarding DNA testing established a 99.999% probability that Ellis was the father of the victim's child. Moreover, both the victim and her sister testified that Ellis committed the acts for which he was charged. In fact, the victim testified that Ellis had sexually abused her repeatedly for several years.

**Claim Nos. 2, 4, 5, 7 & 9: Standard of Review**

Ellis' remaining claims were presented to the Mississippi Court of Appeals and denied on the merits. Respondent concedes that these claims have been properly exhausted by Ellis. This Court must consider Ellis' exhausted claims in light of the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA).

> 28 U.S.C. § 2254 (d) provides:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,

>  as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Federal habeas courts review claims addressing questions of law or mixed questions of law and fact that were adjudicated on the merits in state court only when subsection (d)(1) applies. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000). Thus, a state court decision on the merits of a mixed question of law and fact will be reviewed only upon a showing that the decision was contrary to federal law or involved unreasonable application of federal law. A state court decision is contrary to federal law when it is opposite to a United States Supreme Court decision and when it is at variance with a Supreme Court decision upon "materially indistinguishable facts." *See Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves unreasonable application of federal law when the state court properly identifies the applicable federal principle but applies it in an objectively unreasonable manner. *Id*. at 409. Federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000).

### Claims 2 & 7:  expert witness

Ellis argues that he was denied the right to challenge the expert witness' testimony because Ellis was not allowed an expert of his own. In claim number 1, Ellis challenges the expert's ability to testify because the expert was not listed on the state's initial witness list. In separate claims (claim nos. 2 & 7), Ellis argues that he was denied the right to challenge the expert and that the State should have provided him with funds to contest the results of the DNA

evidence.  As addressed earlier, the claim about the expert witness not being on the initial witness list is procedurally barred.  Hence, the only issue now before the undersigned is whether Ellis was denied the right to challenge the DNA testing or whether the state should have provided Ellis with funds to hire an expert.

The Mississippi Court of Appeals reviewed the trial court's decision to deny funding for expert assistance under an abuse of discretion standard.  Ellis contended that he needed the funds to procure an independent DNA expert;  however, the Court of Appeals concluded that Ellis failed to provide "any reason, unsubstantiated or not, how this would have significantly aided his defense." *Ellis*, 989 So.2d 964-65.  The Court of Appeals further concluded that "the simple claim that the State's expert and the result of that expert's testing is wrong is not enough for this Court to find that the trial court abused its discretion in denying Ellis' request for funds."  The Court of Appeals determined that "there is no evidence in the record, or suggestion by Ellis, that the State's expert was biased or incompetent in any way, or that Ellis was denied access to Dr. Shaffer prior to trial."  The Court of appeals further noted that Ellis' attorney cross-examined Dr. Shaffer at trial and that the state presented other evidence of Ellis' guilt.  *Id.*

Ellis' undeveloped assertions that the requested assistance would have been beneficial are insufficient to demonstrate a deprivation of due process.  *See Caldwell v. Mississippi*, 472 U.S. 320, 323 n.1 (1985); *see also Yohey v. Collins*, 985 F.2d 222, 227 (5th Cir. 1993) (holding that expert assistance is warranted when evidence is critical and when the denial of expert assistance resulted in a fundamentally unfair trial).  DNA testing indicated that Ellis was the father of the victim's child.  Eyewitness testimony from the victim and from the victim's sister indicated that Ellis had sex with the victim.  Ellis has failed to demonstrate that the Court of Appeals decision

not to provide funds for an additional DNA expert was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or that the state court's decision was based on an unreasonable determination of facts in light of the evidence presented at trial.

### Claim No. 4:  request for substitute counsel

Ellis argues that the trial court abused its discretion when it denied his request for new counsel.  On the day before trial, Ellis personally requested that the trial court remove his attorney from the case.  He asserted that his court-appointed attorney "was generally unresponsive to his pretrial inquiries, did not assist him in preparation for the trial, and failed to acquire the presence of certain witnesses Ellis had requested." *Ellis*, 989 So.2d at 965.  The trial judge advised Ellis that he did not have the right to an attorney of his choosing.  The trial judge further noted that Ellis' attorney was competent and capable.  The Court of Appeals noted a dearth of information as to exactly what transpired between Ellis and his attorney prior to Ellis' motion for new counsel  Nevertheless, the Court of Appeals concluded that "nothing in the record lends any credence to Ellis' claims" and therefore Ellis failed to demonstrate that the trial court abused its discretion.

Other than the bare assertion that the trial court abused its discretion when it denied him substitute counsel, Ellis has failed to explain the basis for this claim.  At most, Ellis argues, though without supporting facts or documents, that his attorney was unresponsive to pre-trial inquiries.  The Sixth Amendment right to appointment of counsel for indigent criminal defendants does not include the right to counsel of one's choosing.  *See United States v. Fields*, 483 F.3d 313, 350 (5th Cir. 2007).  Ellis has failed to demonstrate that the Mississippi Court of

Appeals decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or that the state court's decision was based on an unreasonable determination of facts in light of the evidence presented at trial.

### Claim No. 5:  prosecution withheld evidence

Ellis asserts that the prosecution withheld evidence that would have affected the verdict. Specifically, he contends that the state withheld results from DNA evidence gathered incident to the victim's 1998 hospital visit.  During the trial, testimony was elicited regarding an incident in 1998 when Ellis and the victim's mother took the victim to the hospital.  At that time, the victim made accusations of sexual abuse against someone other than Ellis, specifically a person referred to as her grandfather.  At trial, the victim testified that Ellis concocted the story about her grandfather to cover up Ellis' own involvement with the victim and that Ellis threatened to hit her if she did not state that it was her grandfather who molested her.  During her testimony, the victim clarified that Ellis was the only person who ever sexually abused her.

In essence, Ellis has raised a claim under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), wherein the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."   To establish a *Brady* claim, a habeas petition must demonstrate (1) the prosecution suppressed the evidence, (2) the evidence was favorable to the petitioner, and (3) the evidence was material. *Spence v. Johnson*, 80 F.3d 989, 994-95 (5th Cir. 1996).  Evidence is not considered "suppressed" if the defendant knew, or should have known, of the essential facts permitting him to take advantage of exculpatory evidence.  *West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996).  A *Brady* violation

does not exist if the defendant, using reasonable diligence, could have obtained the information. *Williams v. Scott*, 35 F.3d 159, 163 (5th Cir. 1994). The state is not required to furnish exculpatory evidence that is fully available to the defendant or that could be obtained through reasonable diligence. *Blackmon v. Scott*, 22 F.3d 560, 564-65 (5th Cir. 1994).

It is clear from the record that Ellis was aware of the 1998 incident and the hospital examination. The 1998 examination was not initiated at the behest of police investigators or the prosecution. Rather, Ellis and the victim's mother took the victim to the hospital. Simply put, the prosecution did not suppress the evidence. Any evidence surrounding the 1998 hospital visit was known to Ellis by virtue of the fact that he accompanied the victim to the hospital. Such evidence would have been available for Ellis to pursue. Moreover, there is nothing in the record indicating whether the evidence would have been favorable to Ellis. Ellis has failed to demonstrate that the Court of Appeals decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or that the state court's decision was based on an unreasonable determination of facts in light of the evidence presented at trial.

### **Claim No. 9:  access to trial records and transcripts**

Ellis argues that he was denied access to trial records and transcripts to prepare an appeal. The Court of Appeals considered his claim and found it to be without merit because Ellis did not "name the documents or otherwise indicate their origin, content, or what effect, if any, they would have had on his preparation for appeal." *Ellis*, 989 So.2d at 963. Likewise, in the instant § 2254 petition, Ellis does not indicate which documents were not available to him nor how this affected his appeal. To the contrary, the record indicates that Ellis did receive copies of the

transcripts and record. In an Order dated January 9, 2009, Harrison County Circuit Court Judge Jerry O. Terry denied Ellis' request for records and transcripts stating that Ellis "has already sought and been provided a copy of all transcripts and court documents in this cause." Thus, even if Ellis had identified the documents and explained their significance to his appeal, the record indicates that Ellis in fact did receive copies of the transcripts and record as part of the appeals process.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Ellis' 28 U.S.C. § 2254 petition be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been

accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 23rd day of September, 2011.

s/ Robert H. Walker<br>UNITED STATES MAGISTRATE JUDGE