**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **FREDERICK C. ELLIS** | § | **PETITIONER** |
| | § | |
| **v.** | § | **CAUSE NO. 1:09CV179-LG-RHW** |
| | § | |
| **DWAIN BREWER** | § | **RESPONDENT** |

**ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION AND DISMISSING PETITION**

This cause comes before the Court on the [35] Proposed Findings of Fact and Recommendation of United States Magistrate Judge Robert H. Walker entered in this cause on September 23, 2011. Magistrate Judge Walker reviewed the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as the Respondents' response and the state court record. Magistrate Judge Walker determined that the Petition should be denied because Petitioner's claims are procedurally barred and Petitioner had not shown that the adjudication of his claims in state court resulted in a decision that was clearly contrary to, or an unreasonable application of, clearly established Federal law. Petitioner filed an objection, which the Court now reviews.

**PROCEDURAL HISTORY**

Petitioner was found guilty of sexual battery and statutory rape in 2005 and sentenced to 20 years on each count, to be served day for day and to run concurrently. He appealed, and the Mississippi Court of Appeals affirmed his conviction and sentence. *See Ellis v. State*, 989 So. 2d 958 (Miss. Ct. App. 2008). The Mississippi Supreme Court denied Petitioner's petition for writ of *certiorari*.

*Ellis v. State*, 993 So. 2d 832 (Miss. 2008). He then filed a federal petition for habeas relief.

The Magistrate Judge found that all of the grounds presented in this federal habeas petition are either procedurally barred or that they have been reviewed and denied on the merits by the Mississippi Court of Appeals on direct appeal. After a thorough examination of the record and discussion of the issues, the Magistrate Judge found no grounds for federal habeas relief. The Petitioner has objected [37] to these findings. Respondents have filed a notice of intention not to file a response [38] to the Magistrate's Findings of Fact and Recommendation.

**THE STANDARD OF REVIEW**

When a party objects to a Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.

*Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## DISCUSSION

Petitioner objects to the Magistrate Judge's recommendations with respect to all of his claims. The petition before the Court raises ten claims which have been exhausted at the state level and are therefore ripe for review.

Claim Numbers 1, 3, 6, 8, and 10

The Magistrate Judge determined that claims one, three, six, eight, and ten of Petitioner's habeas petition were procedurally barred. Petitioner objects to the procedural bar on the grounds that it is "unfair" because he "voiced these claims [to the trial court] in the pre-trial phase." Petitioner claims that as a result of the procedural bars, his rights under the Fourteenth and Sixth Amendments were violated.

When a state court declines to address a prisoner's federal claims because state procedural requirements have not been met, federal habeas relief is barred. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). *Coleman* does provide an exception to the procedural bar if a petitioner demonstrates cause and actual prejudice, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750.

The Mississippi Court of Appeals found that Ellis' Sixth Amendment Confrontation Clause claim was procedurally barred because no objection was raised at trial. *Ellis v. State*, 989 So.2d 958, 963 (Miss. Ct. App. 2008). Petitioner's claims regarding violations of his Fourteenth Amendment Due Process rights,

Fourth Amendment rights, the voluntariness of his blood sample, and whether the jury represented a fair cross-section of the community were also held to be procedurally barred because no objection was raised at trial. *See id*. at 966-68.

The Court has reviewed the record, and agrees with the Magistrate Judge's findings that these claims were raised on direct appeal and held to be procedurally barred at the state level. Thus, Petitioner is not entitled to federal habeas relief on these claims under *Coleman*, 501 U.S. 722. Petitioner has not demonstrated in his objections to the Magistrate's Proposed Findings and Recommendation, or otherwise, that any exception to the procedural bar should apply. Petitioner's objection on the basis that the procedural bars are "unfair" is not sufficient to establish cause or prejudice. Petitioner is not entitled to federal habeas relief on Claims One, Three, Six, Eight, or Ten.

Claim Numbers 2, 4, 5, 7, and 9

The Magistrate Judge found that the remaining claims were raised on direct appeal and denied on the merits by the Mississippi Court of Appeals. To prevail on such a claim on federal habeas review, Petitioner must demonstrate that the decision of the state court was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1). A decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached [by the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Knox*

*v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362 (2000)). Federal habeas relief based on the state court's unreasonable application of Federal law is granted only "if the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case." *Id.* Federal courts presume that factual findings by state courts are correct unless those findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Id.*

*CLAIMS 2 AND 7: EXPERT WITNESS AND FUNDING FOR INDEPENDENT DNA TESTING*

In claims two and seven, Petitioner argues he was denied the "constitutional right of challenging expert testimony," and that the State should have provided funds for him to hire his own DNA expert. As the Mississippi Court of Appeals noted, Petitioner's counsel took "full advantage of the opportunity to cross-examine" the State's expert, and the trial court did not abuse its discretion in denying his request for funds. *See Ellis*, 989 So. 2d at 965. In his objections to the Magistrate's Proposed Findings and Recommendations, Petitioner repeats his earlier arguments regarding the State's expert not being on the initial witness list.

The Court agrees with the Magistrate Judge's finding that Petitioner has not demonstrated, as he must under 28 U.S.C. § 2254, that the state court's decision regarding the expert testimony and the funds for DNA testing was contrary to, or involved an unreasonable application, of Federal law, or that the decision was based on an unreasonable determination of facts in light of the evidence presented.

Petitioner is not entitled to federal habeas relief on Claims Two or Seven.

*CLAIM 4: REQUEST FOR NEW COUNSEL*

Petitioner claims the trial court abused its discretion when it refused to grant his request, made on the day before trial, for new counsel and more time to prepare. The Mississippi Court of Appeals held that "nothing in the record len[t] any credence" to this claim, and that it was without merit. *Ellis*, 989 So. 2d at 965. The Magistrate Judge determined that the state court's decision was not contrary to, or involve an unreasonable application of, clearly established Federal law, or that it was based on an unreasonable determination of facts in light of the evidence presented.

In his objections to the Magistrate's Proposed Findings and Recommendation, Petitioner argues that his trial counsel was ineffective and repeats arguments regarding the State's expert witness. The court's decision not to grant Petitioner's request for new counsel *prior* to trial is not the same as a post-trial claim of ineffective assistance of counsel.[1] The Court agrees with the Magistrate Judge that Petitioner has failed to state a basis for this claim. Petitioner has not demonstrated that the state court's decision is contrary to, or involved an unreasonable application of, Federal law, or that it was based on an unreasonable determination of facts in light of the evidence presented. Petitioner is not entitled to federal habeas relief on Claim Four.

[1] Petitioner has raised a claim regarding ineffective assistance of counsel, but has not yet exhausted that claim in state court. *See* [18] Order and Advisory dismissing claims not yet exhausted.

*CLAIM 5: STATE WITHHELD EVIDENCE*

Petitioner claims that the State withheld DNA evidence related to an incident in 1998 in which the victim went to the hospital. The Mississippi Court of Appeals held that this claim was procedurally barred because he had not raised an objection at trial, and that it was without merit. *Ellis*, 989 So. 2d at 967. The Magistrate Judge construed this as a claim under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and found that Petitioner had not met the required elements of a *Brady* claim. Specifically, a *Brady* violation has not occurred if the defendant, using reasonable diligence, could have obtained the information he argues was suppressed. *See Williams v. Scott*, 35 F.3d 159, 163 (5th Cir. 1994).

In his objections to the Magistrate's Proposed Findings and Recommendation, Petitioner simply states that the State "clearly withheld evidence of results that the prosecution knew would be favorable to Ellis." Petitioner also repeats his ineffective assistance of counsel argument, and mentions a witness he claims could have testified in his favor, but does not allege that the State prevented this witness from testifying. The Court agrees with the Magistrate Judge that Petitioner was aware of the 1998 hospital visit and could have sought this evidence himself. Petitioner has not demonstrated that the state court's decision was contrary to, or involved an unreasonable application of, Federal law, or that it was based on an unreasonable determination of facts in light of the evidence presented. Petitioner is not entitled to federal habeas relief on Claim Five.

*CLAIM 9: ACCESS TO COURT RECORDS*

Petitioner claims he did not have access to all of the trial records and transcripts, and this prejudiced his ability to prove his claims on appeal. The Mississippi Court of Appeals held that this claim was without merit. *Ellis,* 989 So. 2d at 963. The Magistrate Judge found that the record indicated that Petitioner in fact did receive copies of the transcripts and record during the appeals process, and therefore this claim was without merit. In his objections to the Magistrate's Proposed Findings and Recommendation, Petitioner claims the lack of trial records and transcripts prejudiced his ability to prove his claim regarding the voir dire process, but does not explain how.

The Court agrees that Petitioner is not entitled to habeas relief on this claim. As the Magistrate Judge noted, the record indicates that Petitioner did receive copies of the materials he claims he was denied. Notwithstanding that fact, Petitioner does not explain in any of his filings specifically how he was prejudiced by not having access to records, or which documents he claims would have aided him. Petitioner has not demonstrated that the state court's decision regarding his access to the trial records is contrary to, or involved an unreasonable application of, Federal law, or that it was based on an unreasonable assessment of the facts in light of the evidence presented. Petitioner is not entitled to federal habeas relief on Claim Nine.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [13] of United States Magistrate Judge

Robert H. Walker entered in this cause on September 23, 2011, should be, and the same hereby is, adopted as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's 28 U.S.C. § 2254 habeas corpus petition is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 2nd day of November, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE